UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                                                           Case No. 18-10615-WRS

                                                                                                Chapter 13

JESSICA JAMBREDA RIDDLESPRIGGER,

    Debtor.

**MEMORANDUM DECISION**

This matter came before the Court for a telephonic hearing on February 12, 2019, on Trustee's Objection to the Secured Status of Exeter Finance's claim (Doc. 49). Exeter was present by counsel William C. Poole, and the Trustee was present by counsel Audrey Willis. The parties agree that there are no facts in dispute and that this is an issue of law. The Court has considered the briefs filed by the parties. (Docs. 55, 61). For the following reasons, the Court SUSTAINS Trustee's objection and holds that Exeter Finance's claim will be allowed as unsecured.

**I. Facts**

Jessica Riddlesprigger (Debtor) filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on March 20, 2018. Exeter Finance filed a Proof of Claim on June 7, 2018. (Claim No. 12). Exeter Finance claims that it is owed $22,129.24 as of the date of the petition, and that it is secured by a "Contract and/or Title." Both the instructions on the Proof of Claim

and Bankruptcy Rule 3001(d) call for the claimant to file documents showing that its security interest has been perfected.[1]

Notwithstanding the fact that Exeter Finance's Proof of Claim was, on its face, defective, the Trustee researched the matter and objected to Exeter Finance's claim on the grounds that its security interest was not perfected as of the date of the petition. (Doc. 49). Debtor purchased a 2017 Fiat 500X automobile from "Dothan Chrysler Dodge, Inc." under a contract dated February 26, 2018.[2] Exeter Finance submitted an application for a Certificate of Title to the Alabama Department of Revenue on March 15, 2018. The seller of the vehicle was listed as "Dothan Chrysler Dodge Jeep Ram" on the application, but the Certificate of Origin, submitted with the application, indicated that the Seller was "Dothan Chrysler Dodge Jeep Ram **Fiat**." The Department of Revenue rejected the application because of the discrepancies in the papers. Exeter Finance resubmitted the application May 18, 2018, and the Department of Revenue received the additional documentation on May 24, 2018. The Department of Revenue ultimately approved the resubmitted application and issued a Certificate of Title on June 22, 2018, fifteen days after Debtor filed her petition in bankruptcy.

Because the Department of Revenue received a corrected application outside of the 30-day window to relate back to the original date of the lien, the Trustee contends it may avoid the

---

[1] Rule 3001(d) provides that "(i)f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Exeter Finance did not attach a copy of the Certificate of Title to its Proof of Claim.

[2] The Court finds these facts based upon filings made by the parties. (Docs. 49, 55, 60, and 61). As the facts are not in dispute, the Court did not schedule an evidentiary hearing.

secured claim and treat it as an unsecured debt. Conversely, Exeter Finance claims that this was a mere clerical error and that the Court should treat the claim as secured.

## II. Law

### A. Jurisdiction

This Court has subject-matter jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(B). This is a final order.

### B. Applicable Bankruptcy and State Law

#### 1. Proof of Claim Process

The filing and allowance of a creditor's claims are essential to the operation of bankruptcy courts. Creditors must file a proof of claim to preserve their right to payment from the bankruptcy estate. 11 U.S.C. § 501. Rule 3002 of the Federal Rules of Bankruptcy Procedure sets out the requirements for filing a proof of claim in Chapter 13 cases. A creditor's claim will be allowed as filed unless an interested party objects. 11 U.S.C. § 502(a). If there is an objection, the court will determine if the claim should be allowed and for what amount. 11 U.S.C. § 502(b). To be timely, the creditor must file its claim "not later than 70 days after the order for relief under that chapter" or the date of the order of conversion. Fed. R. Bank. P. 3002(c).

#### 2. Trustee's Avoidance Power

A creditor's claim will not be allowed as secured if it is subject to avoidance by the bankruptcy trustee. *In re Davis*, 269 B.R. 914, 915 (Bankr. M.D. Ala. 2001); *see also* 11 U.S.C.

3

§ 544(a). Section 544(a) gives the bankruptcy trustee the priority of a judgment lien creditor and allows the trustee to avoid an unperfected security interest by relegating it to the status of an unsecured claim. *In re Patterson*, 185 B.R. 354, 357 (Bankr. N.D. Ala. 1995); *see also In re Wheaton Oaks Office Partners Ltd. Partnership*, 27 F.3d 1234, 1244 (7th Cir. 1994); *In re Pacific Express, Inc.*, 780 F.2d 1482, 1486 (9th Cir. 1986). Therefore, a creditor's security interest in its collateral must be perfected at the time of filing to defeat the interest of the trustee. *First Nat. Bank of Denver v. Turley*, 705 F.2d 1024, 1027 (8th Cir. 1983); *See also In re Bell*, 194 B.R. 192, 198 (Bankr. S.D. Ill. 1996) (holding the Chapter 13 Trustee could avoid the creditor's unperfected liens on two automobiles); *In re Church*, 206 B.R. 180, 186 (Bankr. S.D. Ill. 1997) (holding trustee may avoid an unperfected automobile lien); *In re Milcher*, 86 B.R. 103, 104 (Bankr. W.D. Mich. 1988) (unperfected security interest in a vehicle was subject to avoidance by the trustee); *In re Guiles*, 580 B.R. 466, 469 (Bankr. W.D. Tex. 2017) (holding the trustee may challenge and avoid unperfected liens even if they are not in the debtor's best interest). Section 544 serves the purpose of cutting off unperfected security interests as of the commencement of the case. *In re Canney*, 284 F.3d 362, 374 (2d Cir. 2002) This, in turn, benefits creditors by increasing the size of the bankruptcy estate. *In re Ryan*, 851 F.2d 502, 512 (1st Cir. 1988); *see also In re Zedda*, 103 F.3d 1195, 1201 (5th Cir. 1997) (noting the trustee exercises her avoidance powers in an attempt to increase the size of the bankruptcy estate).

### 3. Vehicle Perfection Process

In Bankruptcy, property interests are defined by state law. *Butner v. United States*, 440 U.S. 48, 99 (1979). Therefore, a court must look to Alabama law to determine the perfection and

priority of the underlying security interest. *In re Davis*, 269 B.R. 914, 916 (Bankr. M.D. Ala. 2001).

In Alabama, the perfection of a UCC security interest in a motor vehicle is governed by Alabama's Uniform Certificate of Title and Antitheft Act. Ala. Code 32-8-61; *In re Jones*, 544 B.R. 692, 698–99 (Bankr. M.D. Ala. 2016); *see also Hill v. McGee*, 562 So. 2d 238, 240 (Ala. 1990) (holding "[w]here motor vehicles are concerned, this Act rather than Article 9 of the U.C.C. governs the perfection of security interests").

Under Ala. Code Section 32-8-61(b), to perfect a security interest in an automobile, the creditor must deliver an application for a certificate of title to the Department of Revenue. That application must contain the lienholder's name, address, the date of his security interest, and the required fees. *Id.* The security interest is perfected as of the time of its creation if the delivery is completed within 30 days. *Id.* Otherwise, perfection occurs at the time of delivery to the Department of Revenue. *Id.* Thus, a security interest is not valid against creditors of the owner or subsequent transferees unless it follows these requirements. Ala. Code § 32-8-61.

### C. The Proof of Claim is Inadequate on its Face

Rule 3001(d) of the Federal Rules of Bankruptcy Procedure provides that "(i)f a security interest in property is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." This allows the Trustee or any interested party to determine, at a glance of the Court's record, whether the creditor has a valid security interest.[3]

---

[3] It is possible for a creditor to have evidence of perfection, such as a certificate of title for an automobile, and still not have a valid security interest. However, in the undersigned's experience, this is rare.

5

As Exeter Finance did not attach evidence of perfection to its proof of claim, the Court would have disallowed the claim with leave to file evidence of perfection within 14 days. *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) (disallowing proof of claim filed without proof of perfection of a security interest and giving a creditor leave to refile); *In re Anderson*, 330 B.R. 180, 185 (Bankr. S.D. Tex. 2005) (stating a creditor is normally allowed to provide evidence of secured status after failing to attach proof of perfection of a security interest). However, the Trustee did not object on this ground. Instead, the Court will reach the issue raised by the Trustee.

**D. Creditor's Security Interest is not Perfected Because Creditor Delivered an Incomplete Title Application to the Alabama Department of Revenue**

Following the lead of Judge Williams in *In re Taylor*[4], this Court looks to case law from jurisdictions with similar automobile perfection statutes[5] and finds it supports the Trustee's position. In these states, delivery of a defective or incomplete title application renders the creditor's security interest unperfected. *In re Frady*, 276 B.R. 456, 461 (Bankr. N.D. Miss. 2000); *see also In re Bell*, 194 B.R. at 194 (holding that delivery of an incorrect title application to the Secretary of State was not sufficient to perfect a lien in the motor vehicle which allowed Chapter 13 trustee to avoid creditors lien); *In re Clark*, 112 B.R. 226, 230 (Bankr. E.D. Tenn. 1990) (holding an incorrect title application was not sufficient to perfect a creditor's security

---

[4] Case No. 02-31224-DWH (Bankr. M.D. Ala. June 30, 2003).

[5] Ga. Code Ann. § 40-3-50; 625 Ill. Comp. Stat. Ann. 5/3-202; N.C. Gen. Stat. Ann. § 20-58.2; Tenn. Code Ann. § 55-3-126; Miss. Code. Ann. § 63-21-43

interest in a vehicle and that perfection occurred only when then correct application was submitted); *In re Messer*, No. 90-30329, 1991 WL 629467, at *4 (Bankr. M.D. Ga. Feb. 4, 1991) (holding failure to follow the statutory requirements for automobile perfection leave the application void and the automobile unperfected). Additionally, a decision from a fellow Eleventh Circuit Bankruptcy Court interpreting a similar perfection statute held that a corrected supplemental title application does not relate back to the original application. *In re Russell*, 227 B.R. 196, 199 (Bankr. M.D. Ga. 1998). Thus, courts in these jurisdictions have found the trustee could avoid liens that were perfected after the debtor filed for bankruptcy. *In re Keidel*, 613 F.2d 172, 173-74 (7th Cir. 1980); *see also In re Millerburg*, 61 B.R. 125, 127–28 (Bankr. E.D.N.C. 1986) (noting the trustee would have priority over any unperfected lien creditor and thus would be able to avoid the lien).

Based on the rulings of various sister jurisdictions, the Court finds that the Trustee is correct in claiming that the Trustee may avoid the security interest of Exeter Finance and treat them as unsecured creditors.

### IV. Conclusion

Exeter Finance failed to deliver an accurate title application to the Alabama Department of Revenue. Further, Exeter did not correct its application until well outside of the relation back period and after the Debtor filed bankruptcy. Therefore, the trustee may avoid the claim pursuant to her powers under 11 U.S.C. § 544. Accordingly, this Court will allow Exeter Finance's claim as unsecured. The Court will enter an Order by way of a separate document.

7

Case 18-10615    Doc 63    Filed 06/14/19    Entered 06/14/19 12:45:04    Desc Main
Document    Page 7 of 8

Done this 14th day of June, 2019.

/s/ William R. Sawyer
William R. Sawyer
United States Bankruptcy Judge

c: Debtor
J. Clarke Walker, Attorney for Debtor
William C. Poole, Attorney for Exeter Finance, LLC
Sabrina L. McKinney, Trustee
Bankruptcy Administrator